[Crim. No. 4738. Second Dist., Div. One. Apr. 7, 1952.]

THE PEOPLE, Respondent, v. JACK WAYNE SHIPMAN, Appellant.

Cletus J. Hanifin for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

DORAN, J.—This is an appeal from the judgment. Defendant was charged with murder. A jury was waived and the case submitted on the transcript of the preliminary hearing. "The only testimony given at the trial was that given by defendant Jack Wayne Shipman, on his own behalf." Defendant was adjudged guilty of manslaughter and a request for leave to file an application for probation was granted. At the hearing on the application it was duly considered but denied and judgment pronounced.

According to appellant, the issue on appeal is "Did the court err in denying defendant probation."

It is argued by appellant that "At the time fixed for passing judgment and sentence, the question was raised by the defense attorney as to whether or not probation was permissible under Penal Code, Section 1203. It was the contention of the defense attorney that it was permissible, and in the discretion of the trial Judge. However, the Court, while admitting there was no premeditation or intention to kill, indicated that it felt the defendant brought himself within the provisions of Penal Code, Section 1203, by exhibiting a gun which he knew to be loaded, and by the fact said gun was discharged, killing the deceased. Penal Code, Section 1203, provides that one who 'in the perpetration of a crime inflicted great bodily injury' may not have probation. Accordingly, the Court denied probation to defendant and sentenced him to State prison for the term prescribed by law.

"It is the contention of your appellant that this case is not of the type referred to in the Penal Code, Section 1203, wherein probation is prohibited. . . . Here the gun discharged 'accidentally'. It was not wilfully nor intentionally aimed or fired at the deceased. It was displayed in what appeared to have been a jocular manner and not with malice.

"That there was negligence, thoughtlessness, imprudence and lack of caution will not be denied, but these elements do not singularly nor collectively amount to willfulness and intent."

■ However, the record fails to support appellant's contention in this regard. As pointed out by respondent, the record reveals that an application for probation was filed. At the hearing on the application the record shows that the deputy probation officer was present. At that time defendant's counsel urged the court to grant probation. At that time counsel stated, "The question solely in this case for your Honor's judicial determination in considering this application for probation is whether or not this defendant is eligible for probation," and "It is that explanation of my viewpoint of the case that I ask your Honor for favorable consideration of the application for probation. With your Honor's understanding of the circumstances, I submit the matter to you."

There is nothing in the record to indicate that the court's determination of the issue was based on the provisions of section 1203 of the Penal Code. That section was not mentioned at the hearing either directly or indirectly.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.